26 C.C.P.A. (Patents)

## In re SCHWENDT.
## Patent Appeal No. 4098.

Court of Customs and Patent Appeals.
April 10, 1939.

John E. Jackson, of Pittsburgh, Pa. (Edward W. Shepard, of Washington, D. C., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

JACKSON, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office which affirmed the decision of the examiner rejecting, on the prior art, all of the claims, five in number, of an application for a patent the subject matter of which is disclosed in claim 5, which is illustrative and reads as follows:

"5. The combination of parallel rails, a cross-tie transversely beneath said rails and extending outwardly beyond one of the latter, a switch-box on the top of said cross-tie adjacent the outside of one of said rails beyond which said cross-tie extends and having an opening, a continuous conductor reaching from the other of said rails to said switch-box and arranged proximately parallel a side of said cross-tie, a terminal of the rail-bond type fixed to the end of said conductor adjacent said

rail and connecting with the latter, a terminal fixed to the other end of said conductor and providing a threaded shank which is arranged to project inwardly through said opening, an insulating sleeve in said opening and surrounding said shank, a nut screwed on said shank so as to position it in said opening and means on the end of said shank inside said switch-box for connecting a wire thereto."

The references cited are:

Doan, 1,629,025, May 17, 1927.

French patent, 661,097, February 26, 1929.

Gaston, 1,932,456, October 31, 1933.

The alleged invention relates to a railroad track circuit connection, bond in a combination which is set out in the illustrative claim, supra.

The patent to Doan relates to a third rail, electric current feeding system for electric railways and the like. It discloses supporting cross-ties for the rails and a third rail which is connected by a cable conductor to a switch-arm in a casing mounted on a pole beside the rails.

The patent to Gaston relates to means for making electrical connections in a distribution transformer which is enclosed within a casing. It discloses a conductor which has a connecting shank or bolt on its end, mounted in an insulating bushing in a casing so that connection can be made within the casing by means of a terminal.

The French patent relates to an electric connecting means for railroad rails.

The examiner rejected all of the claims on the Doan patent and further held it would be an obvious expedient to substitute the connector disclosed in the Gaston patent for the connection between the cable and the switch-box of the Doan patent.

The French patent was cited by the examiner to show an ordinary type of rail-bond connector.

The Board of Appeals agreed with the grounds stated by the examiner and set out the issue as follows: "The question involved in this application is whether it was invention to employ the terminal disclosed in Gaston for connecting a conductor from a rail to a wire within a switch box, thereby avoiding the necessity of passing the conductor through the side of the box in the manner disclosed in Doan."

A switch-box is shown in the Doan patent on a pole close to the rails and the switch-box is shown in the application affixed to an extended cross-tie. This change in the location of the box does not involve invention. The said boxes each has an opening in its wall. In the application the bond cable does not enter the box but is connected with a rod terminal which is insulated as it passes through the wall of the box. In the Doan patent the conducting cable passes through the wall of the box and is directly connected with the switch-arm terminal within the box. The passing of the cable through the wall in the Doan patent differentiates the patent in this respect from the disclosure of the application. The Gaston patent, however, discloses the connecting cable attached to an insulator terminal. This disclosure of the Gaston patent meets the disclosure of the application with respect to this type of connection.

It is true that the Doan patent relates to an electric current feeding system. This fact, however, cannot support the contention of appellant that since the Doan patent does not disclose a track circuit signal system it is not a proper reference, for the reason that none of the claims herein mention a track circuit signal system.

Appellant further contends that no consideration was given by either of the tribunals below to claims 4 and 5 and that the question of invention involved in the said claims is "entirely open to this Court, and is now to be decided for the first time." If this contention were true, of course this court would not consider the patentability of claims 4 and 5. In re Schmidt et al., 45 F.2d 916, 18 C.C.P.A., Patents, 827.

While the examiner did not specifically mention claims 4 and 5 in his opinion, nevertheless, it is quite clear that his discussion relates squarely to the subject matter of said claims which is the mounting of the switch-box on the cross-tie. The other three claims make no mention of this feature of the claimed invention.

The Board of Appeals in its decision set out claim 5 as representative of the subject matter involved in the appeal. This, then, was the subject of consideration by the board. Even though, however, the board had made no mention of the subject matter of claims 4 and 5, the fact that it did not expressly overrule the

grounds of rejection applied by the examiner to these two claims would be an affirmation of those grounds of rejection. In re Wagenhorst, 64 F.2d 780, 20 C.C.P.A.,Patents, 991.

Assuming it to be true that appellant was the first to have made the structure as disclosed by the appealed claims, we are not able to agree with the argument contained in his brief that: "In other words, it is possible in the present instance to see distinctly that but one of those skilled in the art involved by this particular invention ever thought to do what is defined by the claims in issue."

The crystallization of concept into reality must always have as an indispensable factor the element of invention or discovery under the Constitution and the statute. Thompson et al. v. Boisselier et al., 114 U. S. 1, 5 S.Ct. 1042, 29 L.Ed. 76; In re Staude, 46 F.2d 579, 18 C.C.P.A.,Patents, 894; In re Burnham, 53 F.2d 534, 19 C.C.P.A.,Patents, 723; In re Green, 97 F.2d 130, 25 C.C.P.A.,Patents, 1143.

We are in agreement with the decision of the board which held that it does not involve invention to substitute the terminal shown in the Gaston patent for the connection shown in the Doan patent where it had been customary to run the conductor through the side of the container. The modification appears to us to be obvious.

The decision of the Board of Appeals is affirmed.

Affirmed.